Cavert v. Ferrell.

No. 27,266.

WILLIAM CURTIS CAVERT, *Appellant*, v. WILLIAM FERRELL et al.,
*Appellees.*

SYLLABUS BY THE COURT.

1. WILLS—*Election Between Gift by Will and Adverse Claim.* A stockholder
who for convenience, without other consideration, transfers his stock in a
corporation cannot successfully claim to be the owner of that stock where
the person to whom the stock was transferred causes the same to be trans-
ferred to himself on the books of the corporation and afterward dies leav-
ing a will which disposes of the stock, bequeaths the property to the stock-
holder, and he administers the estate and accepts the benefits conferred on
him by the will, but does not assert his claim to the stock transferred.

2. TRUSTS—*Trustee's Bond.* A stranger to a trust has no right to maintain an
action to compel the trustee to give bond as such.

3. PARTNERSHIPS—*Misappropriation of Funds—Right to Compel Accounting.*
One member of a partnership has the right to maintain an action against
the other partners for an accounting for misappropriated money arising
from a sale of part of the assets of the firm.

4. WILLS—*Rights of Devisee—Compelling Accounting by Trustee for Profits.*
The will mentioned in the first paragraph of this syllabus directed that one-
third of the profits arising from certain investments be paid to trustees
for specific purposes and devised the investments and the residue of the
estate to two legatees in equal shares. Payment of all the profits was made
to the trustees over the objection of one of the residuary legatees. *Held,*
that he has the right to maintain an action for an accounting for his own
share of the profits arising from the investments devised to him.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge.
Opinion filed April 9, 1927. Reversed.

*P. L. Courtright,* of Independence, for the appellant.

*W. D. Summers* and *Roscoe C. Summers,* both of Harrisonville, Mo., for
the appellees.

The opinion of the court was delivered by

MASON, J.: The plaintiff appeals from a judgment sustaining a
demurrer of the defendant to his petition. The action is for an ac-
counting and to compel the defendants, William Ferrell and Bertha
Virginia Walker, as trustees, to give bond for the faithful perform-
ance of a trust.

The petition is a long one; for that reason its allegations must be

Partnership, 30 Cyc. p. 713 n. 9. Trusts, 39 Cyc. pp. 257 n. 12, 466 n. 94.
Wills, 40 Cyc. pp. 1960 n. 5, 1979 n. 54, 57.

summarized, which under the circumstances is somewhat difficult. The material facts alleged in the petition are substantially as follows: Horace Oscar Cavert died intestate November 3, 1916, and left surviving him as his heirs his widow, Adda B. Cavert, and his two sons, the plaintiff and H. O. Cavert. At the time of his death, he owned thirty shares of stock in the Independence Mining and Transportation Company, which descended one-half to the widow and one-fourth to each of his sons. On November 14, 1916, "as a matter of convenience in handling the same and for no further consideration," the plaintiff and his brother, in writing, assigned and transferred their stock in the corporation to their mother, Adda B Cavert, who, after the assignment of the stock to her, caused the same to be transferred to her on the books of the corporation. She afterwards purchased 137 more shares in the corporation. On September 11, 1917, Adda B. Cavert executed her will, in which, after making a number of specific bequests, she provided that—

"I also give, devise, and bequeath to my mother a one-third interest in and to all dividends and profits that may arise from shares of stock now held and owned by me in a certain corporation of the state of Kansas known as the Mining and Transportation Company, and which is now engaged at Independence, Kansas, in producing, transporting, and selling natural gas, to be used by her solely for the benefit of herself and my father, James William Ferrell, and it is my will and I direct that one-third of all dividends and profits that may arise from said shares of stock shall be paid by said corporation directly to my said mother; but, in the event of the death of my said mother before my own death, and preceding the death of my father, the said one-third of all dividends and profits that may arise from said shares of stock in said corporation, as aforesaid, shall be paid jointly to my brother William Ferrell and my sister Bertha Virginia Walker, to be by them used solely for the benefit of our father, James William Ferrell, as long as he may live; but, in the event both of my parents shall die before I do, or, if they survive me, when both shall have died, then all of the above provisions as to the use of said one-third of all dividends and profits arising from said shares of stock shall be held null and void, and all of said shares of stock in said corporation belonging to me at my decease shall pass directly to and become the equal, absolute property of my said sons, share and share alike; subject, however, to this condition, viz.: that one-third of all dividends and profits that may arise from said shares of stock in said corporation, or so much thereof as may be necessary, shall be by my said sons devoted to and used solely for the education of Virginia Grace Ferrell, daughter of my said brother, William Ferrell; the amount of money necessary for such use to be determined by the said William Ferrell, or in the event of his death, by Emma Vaden Ferrell, mother of said Virginia Grace Ferrell, but the same shall not exceed $500 per year, and shall be paid annually between her eleventh and twenty-first years. . . .

"All the rest and residue of my property and estate, real, personal, and mixed, wherever situate, I give, devise and bequeath to my said sons, William Curtis Cavert and Herbert Oscar Cavert, to be divided equally between them, share and share alike."

Adda B. Cavert died November 17, 1918. Her mother died about two years thereafter. The plaintiff was named as executor of the will of Adda B. Cavert and qualified as such. The will was probated December 5, 1918. The plaintiff administered the estate and made final settlement thereof on April 6, 1921, when he and his bondsmen were discharged. The order approving final settlement declared that the plaintiff and his brother were the only heirs entitled to distribution in said estate. On February 17, 1919, George T. Guernsey, Sr., and others, including the plaintiff individually and as executor of the estate of Adda B. Cavert, and his brother H. O. Cavert, organized a partnership under the name of the Independence Gas Transporting Company, which afterwards purchased all the property of the Independence Mining and Transportation Company.

One paragraph of the petition is as follows:

"That the Independence Gas Transporting Company did also at one time own Kasigan Gas Company stock and did prorate it among the partners according to their holdings in the partnership; so that the *pro rata* for 56 shares of partnership stock was 8 shares of Kasigan stock, 4 shares of which belonged to this plaintiff was sold about March, 1924, by the said George T. Guernsey, Sr., and George T. Guernsey, Jr., and contrary to the will and consent of this plaintiff, one-half of the proceeds was paid to Bertha Virginia Walker and one-half to apply to the said notes of William Ferrell at the Commercial National Bank, all of which was wrongfully done and contrary to the terms of said will; that the said Kasigan stock sold for $150 a share, or a total of $600, that this sum of money was wrongfully converted by said defendants and taken away from said plaintiff contrary to law and equity, and so as to destroy the objects and ends of the trust created in said will. That the same was part of the capital in said company rather than dividends or profits thereof."

The petition alleges that over the objection of the plaintiff payments of all of the dividends and profits arising from the 167 shares of stock in the Independence Mining and Transportation Company and from the corresponding interest in the Independence Gas Transporting Company have been paid to William Ferrell and Bertha Virginia Walker, trustees under the will of Adda B. Cavert.

No bond has been given by them or either of them as such trustee. This action was commenced on December 28, 1925.

1. The plaintiff contends that under the allegations of the peti-

tion, he is entitled to the proceeds arising from the seven and one-half shares of stock in the corporation and interest in the partnership, and that he should recover judgment against the defendants for the amount of those proceeds. The petition does not allege that the plaintiff at any time during his administration of the estate of Adda B. Cavert claimed in the probate court to have owned this seven and one-half shares of stock. It may be inferred from the allegations of the petition that during the administration of the estate the seven and one-half shares were included in the 167 shares standing in the name of Adda B. Cavert at the time of her death. The plaintiff transferred the seven and one-half shares of stock to his mother. It is true that the petition alleges "for convenience in handling the same." It is not alleged that there was any understanding or agreement or any trust created concerning these shares of stock when they were transferred to Adda B. Cavert. She at once assumed control of them and afterward devised them by will as her property. The plaintiff cannot successfully assert his claimed right to the seven and one-half shares and at the same time accept all the other beneficial terms of the will. (40 Cyc. 1960; 1 Jarman on Wills 532.) Having accepted the benefits conferred on him by the will, he is now estopped from claiming ownership of the seven and one-half shares of stock. The petition does not allege facts sufficient to show that the plaintiff is entitled to recover the proceeds arising from this seven and one-half shares of stock, except as hereinafter indicated.

2. The plaintiff asks that William Ferrell and Bertha Virginia Walker be required to give bond as trustees. Bond probably should be given, but the question to be determined is: Does the plaintiff have the right to ask that such a bond be given? The plaintiff's request is based on his claim of ownership to the seven and one-half shares which has been mentioned and on his right as a residuary legatee under the will of Adda B. Cavert. We have seen that he has no rights under the seven and one-half shares except as residuary legatee. What right does he have as a residuary legatee to ask that bond be given by the trustees? The will provides for the payment of one-third of the dividends and profits on the 167 shares of stock to William Ferrell and Bertha Virginia Walker to be used by them solely for the benefit of the father of testatrix so long as he may live, and that after his death all of the shares of stock shall pass directly to and become the property of the plaintiff and his brother

17—123 Kan.

subject to another condition not now necessary to discuss. William Ferrell and Bertha Virginia Walker are not given any control over the 167 shares; they are given one-third of the dividends and profits arising from those shares, those proceeds to be used for the benefit of James William Ferrell. Under the will, no person other than James William Ferrell has any interest in the one-third of those dividends and profits so long as he shall live. The plaintiff during that time does not have any interest in that one-third. When that one-third is paid to the trustees, so far as the beneficiary interest therein is concerned, it becomes the property of James William Ferrell; and at his death, whatever may be on hand becomes a part of his estate. So far as the one-third of the dividends and profits arising from the 167 shares to be paid to the trustees is concerned, the plaintiff is a stranger and has no more right to ask that the trustees be required to give bond than any other stranger.

3. The plaintiff claims that there was a misappropriation of money arising out of the sale of the stock of the Kasigan Gas Company. The plaintiff alleges that he owned four shares of that stock. He bases his claims thereto on his ownership of the seven and one-half shares of stock which had been transferred to his mother. We have seen that his claim to the ownership of the seven and one-half shares must fail; with that failure must go his claim to an ownership to the four shares in the Kasigan Gas Company so far as it is based on his claim of ownership of the seven and one-half shares of stock in the Independence Mining and Transportation Company; but the will devised to the plaintiff one-half of the stock owned by Adda B. Cavert in the Independence Mining and Transportation Company, a corporation, which after her death was succeeded by the Independence Gas Transporting Company, a partnership. When the stock in the Kasigan Gas Company was sold by the partnership, the proceeds of the sale belonged to the partnership and the partners were liable to each other for any misapplication of those funds. The plaintiff alleges that his share of those proceeds was wrongfully converted without his consent. He has a cause of action for an accounting against those who misappropriated those proceeds.

4. The plaintiff seeks an accounting for the dividends of the Independence Mining and Transportation Company and for the profits of the Independence Gas Transporting Company. Under the will the shares of stock in the corporation and the dividends and profits

thereon were devised to the plaintiff and his brother, subject, however, to the payment of one-third of the dividends and profits arising from those shares to the trustees for the purposes specified in the will. Under the allegations of the petition, all dividends and profits have been paid to the trustees. One-third of them should have been paid to the plaintiff. For that one-third he is entitled to an accounting in this action.

The judgment is reversed, and the cause is remanded to the trial court with directions to proceed in accordance with this opinion.